UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
MICHAEL FELENDLER
on behalf of himself and
all other similarly situated consumers

                         Plaintiff,

     -against-

WILLIAM C. GROSSMAN LAW, PLLC

                        Defendant.

----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Michael Felendler seeks redress for the illegal practices of William C. Grossman Law, PLLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in East Amherst, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Michael Felendler*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On many occasions within the past year, Defendant left messages on Plaintiff's voice mail stating:

> "**This is Joane Labi, we have an important message from the Law office of William C. Grossman.** This call is from a debt collector. Please call 888-201-6643. Thank you." (emphasis added)

11. Said messages communicate to the least sophisticated consumer that the communications came from a law firm in a practical sense, hence these messages violate 15 U.S.C. § 1692e(3).[1]

12. In a recent case of Bard v. Law Offices of Harold E. Scherr, P.C., No 19 Docket No. 1:13-cv-01411 (E.D.N.Y. June 6 2014) the Chief Judge in the Eastern District of New York Judge Carol Bagley Amon already found that a voicemail message that included the words "law office" or "attorney," can imply a level of attorney or firm involvement in the debt collection process. The court stated that it "can find no principle that would justify a distinction between a voicemail message and a letter for purposes of FDCPA liability; in either case, the communication must not misrepresent the extent to which an

---

[1] See, e.g. Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011). (" Absent any disclaimer and without an attorney conducting any meaningful review ,Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3).")

attorney has become involved in the debt collection process.")

13. The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." - 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3). The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. Clomon v. Jackson, 988 F.2d 1314, 1320-21 (2d Cir. 1993).

14. The same applies to a prerecorded or human voice-mail message because a voice mail message containing a law-firm audio caption such as: **"This is Joane Labi, we have an important message from the Law office of William C. Grossman"** would imply meaningful attorney involvement, which does not exist absent participation by an attorney in the debt-collection process.

15. When a debt collection law firm like William C. Grossman chooses to leave a voice mail message on the debtors answering machine which uses the words **"the Law Office of William C. Grossman"** before any direct and personal involvement (with the debtor's account — such as reviewing the debtor's file) - then - (absent any clear disclosure that no attorney has reviewed the particular account) this message violates Section 1692e(3).[2]

16. The Second Circuit held in Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360,

---

[2] See also e.g. Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up.")

-3-

364, No. Docket No. 04-4605-cv (2d Cir. June 21, 2005), that an attorney can, in fact, communicate with a debtor without being meaningfully involved as an attorney within the collection process, so long as that communication includes disclaimers that makes clear even to the "least sophisticated consumer "that the law firm or attorney is not, at the time of the communication's transmission, acting as an attorney.

17. Defendant would surely admit that the message mentioned above did not include any such disclaimer, yet the Defendant did send out letters after these messages were left, and in those letters, Defendant admitted that in fact at the time the phone messages were left, no attorney had reviewed the file.

18. Defendant, as a matter of pattern and practice, leaves messages, or causes voice mail messages to be left on debtor's answering machines, using language substantially similar or materially identical to that utilized by Defendant in the above-cited messages which were left on the Plaintiff's answering machine on many occasions.

19. Defendant leaves thousands of messages like the ones left for the Plaintiff without conducting any meaningful review of the accounts.

20. The human and or prerecorded messages Defendant leaves, or causes to be left on debtor's answering machines, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, *Robo* calling technologies, dialers, and electronic databases.

21. The voicemail communications from the Defendant that say: **"we have an important message from the Law office of William C. Grossman"** are standardized pre-scripted voice mails.

22. Although Defendant may technically be a law firm, it was not acting in the capacity of a

law firm with respect to the said voicemails. The inclusion of "**we have an important message from the Law office of William C. Grossman.**" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communications came from a law firm in a practical sense, when they did not.

23. If the Defendant, William C. Grossman desires to take advantage of the additional collection leverage as provided by the use of a law firm's name in connection with purely identical and standardized debt-collection related activities, it is free to do so under the law of the Second Circuit; so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense.[3]

24. The representatives that left the messages are not attorneys and, are not licensed to practice law in the State of New York or any other State.

25. At no time did any of the representatives indicate in the messages that they are actually non-attorney debt collectors.

26. The telephone number (716) 995-4080 is answered by persons, employed by Defendant as non-attorney "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

27. Said messages are in violation of 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10) for failing to qualify that the messages were from a non-attorney, for failing to qualify that no attorney from the firm had reviewed the debt, for implying meaningful attorney involvement, and that the communications came from an attorney in the practical sense.

---

[3] See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993). See e.g. Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."), See also Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y. 2005). (The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated 15 U.S.C. § 1692e.)

28. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

29. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

30. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

31. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

32. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

33. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

34. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

35. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

36. As an actual and proximate result of the acts and omissions of William C. Grossman Law, PLLC, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated

in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

37. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty six (36) as if set forth fully in this cause of action.

38. This cause of action is brought on behalf of Plaintiff and the members of a class.

39. The class consists of all persons whom Defendant's records reflect resided in the New York State and who received telephone messages from the Defendant's collection representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) which stated that the messages were from "the Law Office of William C. Grossman" but which failed to qualify that the debt had not been reviewed by an attorney and / or that the telephone messages did not qualify that the persons leaving the messages were non-attorneys at the firm; (b) the messages were left concerning the seeking payment of an alleged debt; and (c) that Plaintiff asserts that the messages contained violations of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).

40. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that form telephonic communications are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The

      principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such telephonic communications (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

41. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

42. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

43. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

44. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

45. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
March 17, 2017

/s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

/s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)